872 F.2d 417
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thomas E. HOGGARD, Plaintiff-Appellant,
v.
Pat G. MINETTI, individually, and as Chief of Police of
Hampton, Virginia, the City of Hampton, Virginia, George E.
Wallace, individually, and as Assistant City Manager of the
City of Hampton, Virginia, Tharon J. Sawyer, individually,
and as Director of Human Resources of the City of Hampton,
Virginia, Ralph Ghivizzani, individually, and as Chairman of
the City of Hampton, Virginia Employee Grievance Panel, Gary
Humphries, individually, and as a member of the City of
Hampton, Virginia Employee Grievance Panel, Joan Savage,
individually, and as a member of the City of Hampton,
Virginia Employee Grievance Panel, Stephen Galla,
individually, and as a member of the City of Hampton,
Virginia Employee Grievance Panel, George Chappell,
individually, and as a member of the City of Hampton,
Virginia Employee Grievance Panel, Defendants-Appellees.
 No. 88-2801.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1989.
Decided March 20, 1989.
 
 Timothy S. Fisher, Gibson, Martin, Overman, Fisher & Carpenter, for appellant.
 Thomas E. Glascock, Thomas E. Glascock, P.C., Robert A. Boester, Hawkins, Burcher & Boester, P.C., for appellees.
 PER CURIAM:
 
 
 1
 Thomas E. Hoggard appeals from the district court's order denying him relief on his 42 U.S.C. Sec. 1983 claim wherein he alleges that his rights under the first, fifth, and fourteenth amendments to the Constitution were violated by his discharge from the Hampton Police Department. We affirm.
 
 
 2
 On August 30, 1985, Hoggard received a letter from Police Chief Pat G. Minetti, notifying him that Minetti had recommended his discharge from the Hampton Police Department because of several misrepresentations Hoggard allegedly made during an internal investigation. Hoggard was granted an opportunity to respond to Minetti's charges, and after doing so, Minetti sent him a second letter on September 30, 1985. The letter stated that Hoggard's responses had been considered, but that he nevertheless would be discharged on October 2, 1985. Hoggard's administrative appeal culminated in a hearing before the City of Hampton Grievance Panel on February 18, 1986. The panel subsequently upheld his termination.
 
 
 3
 The Virginia two-year statute of limitations for personal injuries applies to this 42 U.S.C. Sec. 1983 action. Wilson v. Garcia, 471 U.S. 261 (1985); Va.Code Ann. Sec. 8.01-243A (Supp.1988). Here, Hoggard's cause of action accrued on September 30, 1985, the day he received final notice of his termination from the police force. Chardon v. Fernandez, 454 U.S. 6 (1981). Rule 6(a), Fed.R.Civ.P., which dictates the computation of the limitations period, specifically provides that the "day of the act ... from which the designated period of time begins to run shall not be included" in determining whether suit was brought in a timely manner. The Rule also provides that the last day of the period is included in the computation. Accordingly, October 1, 1985, the day after Hoggard's cause of action accrued, is the first day we consider in determining whether the suit was filed within the prescribed time. Because suit was instituted on October 1, 1987, two years and one day later, and because September 30, 1987 did not fall on a weekend or holiday, the action was not brought within the two-year period and is therefore time-barred.
 
 
 4
 Hoggard also claims that his due process rights were violated by the manner in which the appeal of his termination was handled. He bases this claim on the contention that Stephen Galla, a former Hampton police officer and an admitted friend of Minetti, should have been disqualified from the Grievance Panel, and that the failure to do so compromised the integrity and impartiality of the panel.* Although this claim is not time-barred, it is without merit. The district court correctly held that because Hoggard failed to offer any evidence that Galla was actually biased by his past employment, or that he participated on the panel in other than an impartial manner, his allegations were not sufficient to withstand the defendants' summary judgment motion. See Bowens v. North Carolina Dep't of Human Resources, 710 F.2d 1015, 1020 (4th Cir.1983).
 
 
 5
 Finding no error in the district court's order denying relief under 42 U.S.C. Sec. 1983, we dispense with oral argument, as it will not significantly aid in the decisional process, and affirm the judgment below.
 
 
 6
 AFFIRMED.
 
 
 
 *
 We note that Hoggard has abandoned all other claims relating to alleged deficiencies in the review process of the termination, except that he contends that the action of the grievance panel in upholding the decision to terminate him "was itself an abrogation of his first, fifth and fourteenth amendment rights." Appellant's Brief at 14. Since the review process merely resolved Hoggard's challenge of his termination, it does not represent a separate act, distinguishable from the decision to terminate Hoggard